IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DEBORAH CHEATUM, )
)
       Plaintiff, )
)
vs. ) Case No. 07-4204-CV-C-ODS
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
       Defendant. )

ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income. The Commissioner's decision is affirmed.

I. BACKGROUND

Plaintiff was born in 1963 and has completed the eleventh grade of high school. She has prior work experience as a food assembler, waitress, and housekeeper. Plaintiff filed her applications for benefits under Titles II and XVI of the Social Security Act on June 17, 2005, alleging a disability onset date of October 1, 2003. Plaintiff alleges she is disabled due to fibromyalgia, lupus, carpal tunnel syndrome, and mental retardation. Plaintiff's claims were denied initially and there was no review at the reconsideration level. In a decision on July 21, 2007, after a hearing, the Administrative Law Judge ("ALJ") found Plaintiff was not under a disability as defined in the Social Security Act. On September 11, 2007, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. Therefore, the decision of the ALJ stands as the final decision of the Commissioner.

The ALJ found Plaintiff had the severe impairments of borderline intellectual

functioning and a history of lupus erythematosus. He found that Plaintiff did not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that Plaintiff has the residual functional capacity to perform her past relevant work as a food assembler, waitress, and housekeeper, and therefore, that she was not disabled as defined in the Social Security Act.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

Plaintiff's challenge is rather narrow.[1] Plaintiff argues that the ALJ erred in finding that Plaintiff did not have an impairment or combination of impairments that meets listed impairment 12.05(C). That listed impairment states:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

---

[1] Plaintiff does not challenge the ALJ's determinations at steps four and five of the analysis.

> The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

The ALJ found that Plaintiff did have IQ scores ranging from 60 to 70 and other significant impairments. However, the ALJ found that Plaintiff did not have deficits in adaptive functioning. Rather, he found that Plaintiff cares for her father, family, and herself. She also has been able to sustain employment in semiskilled and unskilled jobs.[2] In making these findings, the ALJ considered the consultative psychological assessment performed on March 27, 2007 by Micah Mazurek, Ph.D. Dr. Mazurek administered the Wechsler Adult Intelligence Scale – Third Edition. Plaintiff obtained a Verbal IQ score of 64, a Performance IQ score of 76, and a Full Scale IQ score of 66. Additional testing revealed Plaintiff read and spelled at the fifth grade level and that she performed math at the third grade level. However, despite Plaintiff's significant cognitive impairments, Dr. Mazurek stated there was no "evidence to suggest concurrent adaptive impairments at the level to warrant a diagnosis of mental retardation." (Tr. 647). Dr. Mazurek noted that by Plaintiff's own self-report, "she has been able to successfully maintain employment in the past, is currently able to carry out activities of daily living independently, and demonstrated very good social and communication skills." Accordingly, Dr. Mazurek diagnosed Plaintiff with Borderline Intellectual Functioning, and not mental retardation.[3] (Tr. 647).

---

[2] While Plaintiff's ability to perform gainful activity is not relevant if Plaintiff otherwise meets the requirements of Listing 12.05, see Maresh, 438 F.3d at 901, the fact that Plaintiff had maintained employment in semi-skilled jobs is relevant to whether she has shown deficits in adaptive functioning.

[3] A formal diagnosis of mental retardation is not required to meet Listing 12.05, see Maresh, 438 F.3d at 899; however, the ALJ found that Dr. Mazurek's conclusion that Plaintiff did not have significant adaptive impairments was supported by other evidence in the record.

3

The ALJ found Dr. Mazurek's assessment to be consistent with other evidence of record. Specifically, Plaintiff's Function Report states that she prepares meals for her father and family and does light cleaning, laundry, and the dishes. She cares for household pets and needs no help with personal care, grooming, or taking medications. She can drive a car alone, shop, and handle money. She talks and visits frequently with family and friends. Plaintiff further states that she does not need to be reminded to go places, that she has no problems maintaining her attention, and that she follows written and spoken instructions well. (Tr. 116-122). Based on the foregoing, the ALJ was entitled to conclude that Plaintiff had not shown deficits in adaptive functioning.

Plaintiff states the ALJ erred by requiring Plaintiff to show deficits in adaptive functioning in addition to the requirements of subsection C. She argues the required level of mental retardation is met when a plaintiff has an IQ score of 60-70 with an additional limitation, and that there is no separate required finding of deficits in adaptive functioning. The Court disagrees.

First, an explanatory paragraph to Listing 12.05 states:

> Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph <u>and</u> any one of the four sets of criteria, we will find that your impairment meets the listing.

(emphasis added).

The Eighth Circuit's decision in <u>Maresh v. Barnhart</u>, 438 F.3d 897 (8th Cir. 2006), is also instructive. Plaintiff cites this case as supporting her position because the court states "to meet Listing 12.05(C), a claimant must show: (1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) an onset of impairment before age 22[4]; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." 438 F.3d at 899. However, the specific issue before the court

---

[4] Plaintiff submitted records of IQ tests taken during her teenage years. On March 28, 1977, Plaintiff received a Verbal IQ score of 69, a Performance IQ score of 93, and a Full Scale IQ score of 80. (Tr. 138). Thus, there is no argument that Plaintiff's impairment was not present during her developmental period.

4

was whether the impairment onset requirement in the introductory paragraph was mandatory. In holding that it was, the court specifically rejected the claimant's interpretation that he need only meet part C's requirements. Id. Rather, the court agreed with the Commissioner "that the requirements in the introductory paragraph are mandatory." Id.

Additionally, in Scott ex rel. Scott v. Astrue, the Eighth Circuit construed a similar listed impairment for mental retardation in a child. 529 F.3d 818, 822 (8th Cir. 2008). Listing 112.05 provides:

> Mental Retardation: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning. The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied.
> . . .
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function.

In interpreting the requirements of Listing 112.05(D), the court stated "the claimant must have: (1) significant subaverage general intellectual functioning with deficits in adaptive functioning; (2) a valid verbal, performance, or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant limitation of function." Scott, 529 F.3d at 822 (citing Maresh, 438 F.3d at 898; noting that Maresh held that the requirements in the introductory paragraph are mandatory). Thus, in Scott, the Eighth Circuit specifically stated that a claimant must establish deficits in adaptive functioning to meet the requirements of the mental retardation listing.

Other circuits to address the issue have also held that a claimant must establish deficits in adaptive functioning as well as an IQ score between 60 through 70 and an additional limitation of function to meet Listing 12.05(C). E.g., Novy v. Astrue, 497 F.3d 708, 710 (7th Cir. 2007); Foster v. Halter, 279 F.3d 348, 355 (6th Cir. 2001); see also Lax v. Astrue, 489 F.3d 1080, 1085 (10th Cir. 2007) (holding that claimant must meet "capsule definition" and one fo the four severity prongs).

5

## III. CONCLUSION

The Commissioner's decision is supported by substantial evidence in the record as a whole, so his decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: September 19, 2008         UNITED STATES DISTRICT COURT